UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELLE LEGALL,<br>   Plaintiff,<br><br>v.<br><br>EQUIFAX,<br>   Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, MICHELLE LEGALL ("Plaintiff"), by and through her attorney, Kristie L. Lewis, Esq., as and for its Complaint against Defendant EQUIFAX (hereinafter referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### I. INTRODUCTION

1. Plaintiff brings this action for damages, declaratory and injunctive relief, arising from Defendant's violation(s) of (i) §1681 *et seq. as amended*, of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA").

### II. PARTIES

2. Plaintiff is a resident of the State of Texas, residing in Harris County.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant Equifax is a Georgia corporation and has a place of business at 1550 Peachtree St. NW, Atlanta, Georgia 30309.

5. Defendant is regularly engaged in the national business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

6. Defendant is a "consumer reporting agency" as that term is described in 15 U.S.C. § 1681a(f).

7. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## III. JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to the following statutes: 28 U.S.C. § 1331, 1337, as well as, 15 U.S.C. § 1681p. *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## IV. FACTUAL ALLEGATIONS

10. Plaintiff re-alleges and re-incorporates all previous paragraphs as fully set out herein.

11. Plaintiff obtained a copy of her credit report on Sept. 5, 2024, and noticed several accounts reporting with inaccurate information.

12. Based on this information, the Plaintiff wrote a dispute letter to the Defendant dated September 12, 2024 and sent by certified mail on September 25, 2024 ("Exhibit "A").

13. Defendant responded with a letter dated October 6, 2024, disregarding the Plaintiff's dispute.

14. Defendant responded with a refusal to investigate as Defendant indicated that the document(s) Plaintiff provided "were illegible and proof of identity does not match

the information we currently have on your credit file…to process your request…"

15. Consumer reporting agencies have a duty under the FCRA to conduct a reasonable investigation when notified of disputed information found in a consumer credit report.

16. Plaintiff disputed directly with Defendant and provided in her dispute letter her accurate name, social security number, address, date of birth and a legible copy of her driver's license that had the same address that appeared in her credit report.

17. Defendant violated Plaintiff's rights under the FCRA with the following actions:
    - Failure to respond with an investigation within the 30-day requirement.
    - Failure to delete and/or verify the disputed trade lines.
    - Failure to evidence the trade lines as disputed after the Plaintiff's requests for Defendant to do so.

18. As a result of Defendant's conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, along with mental and emotional distress.

## V. CAUSE OF ACTION

### *(Violations of the FCRA)*

19. Plaintiff re-alleges and re-incorporates all previous paragraphs as fully set out herein.

20. Pursuant to 15 USC §1681i(a)(1)(A) *Reinvestigations of disputed information,* subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine

whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

21. Defendant's violation of the above statute is evidenced by Defendant's failure to conduct a reasonable investigation within the 30-day timeframe requirement, record the status of the disputed information and/or delete the inaccurate information.

22. By failing to follow reasonable and lawful procedures to ensure the maximum possible accuracy of the information was reported in Plaintiff's credit report, in conjunction with the failure to update Plaintiff's credit report by deleting any inaccurate information, Defendant violated Plaintiff's rights under 15 USC §1681e(b).

23. As a result of Defendant's actions, Plaintiff has suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

24. The violations by Defendant of 15 USC §1681e(b) were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

25. After receiving Plaintiff's dispute, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i.

26. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

27. Defendant is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with Plaintiff's reasonable attorney's fees

pursuant to 15 USC §1681o.

28. Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC §1681i(a).

29. Such reports contained information about the Plaintiff that was false, misleading, and inaccurate.

30. Defendant violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving the Plaintiffs dispute to an errant trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

31. The violations by Defendant of 15 USC §1681i (a)(1)(A) were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

32. Further, Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

33. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 USC §1681n and/or § 1681o.

### VI. JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

    A.    For statutory, actual and punitive damages provided and pursuant to the FCRA,15 U.S.C. 1681 § n(a)(1)(A), n(2), n(3); in the alternative for

      damages pursuant to negligence under 15 U.S.C. 1681 § o(a)(1)(2).

B.   For attorneys' fees and costs provided in, and pursuant to, 15 USC §1681n of the FCRA.

C.   A declaration that Defendant's practices violated the FCRA;

D.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Respectfully submitted,

/s/ *Kristie L. Lewis*

**KRISTIE L. LEWIS**
Federal Bar No. 1356712
Texas Bar No. 24076510
**Law Office of Kristie L. Lewis**
2001 Timberloch Place, Ste. 500
The Woodlands, TX 77380
O: 832.598.7435
F: 832.209.8974
klewisattyatlaw@gmail.com

**ATTORNEY FOR PLAINTIFF**

# Exhibit "A"

September 12, 2024

Michelle Legall
13902 Cloudcap Ct
Houston, TX 77044

DOB: 6/16/1967
SSN#: ███████7533

EQUIFAX
P.O. BOX 105319
ATLANTA, GA 30348

Dear Equifax

PLEASE INVESTIGATE THE FOLLOWING ACCOUNTS FOR INACCURACIES AND DISCREPANCIES:

- AUSTIN CAPITAL BANK SS ACCT#: 800858XXXXXX – THIS LOAN WAS PAID IN FULL AND WAS ALWAYS PAID ON TIME YET IT IS REPORTING MULTIPLE LATE REMARKS WHICH IS ABSOLUTELY INCORRECT! PLEASE INVESTIGATE THIS ACCOUNT

- SYNCB/ PPC ACCT#: 604419XXXXX – THIS ACCOUNT WAS PAID IN FULL AND WAS ALWAYS PAID ON TIME YET IT IS REPORTING A LATE REMARK WHICH IS ABSOLUTELY INCORRECT! PLEASE INVESTIGATE THIS ACCOUNT

- COMENITYCAPITAL/1STOP ACCT#: 778840XXXXX – THIS ACCOUNT WAS PAID IN FULL IN SEPTEMBER 2023 YET REPORTING LAST PAYMENT WAS ON JULY 2023 WITH A CHARGE OFF BALANCE OF $1140

- US BKPT CT TX HOUSTON ACCT#: 2031256JPN – THIS ACCOUNT IS REPORTING INACCURATELY WITH THE DATES PLEASE INVESTIGATE

Please process my request accordingly and make all the proper changes.

Sincerely,

Michelle Legall

